UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| FRANK JAVIER PADILLA, | § | |
|---|---|---|
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:13-CV-232 |
| RICK THALER, | § | |
| Respondent. | § | |

# **O R D E R**

An order of dismissal and final judgment were entered by order of the Court on April 25, 2014. Petitioner filed a motion for reconsideration (Dkt. No. 9) on May 12, 2014, reasserting, as basis for the motion, the same arguments made in his original petition.

The petitioner's motion is properly construed as a second or successive petition under 28 U.S.C. § 2244(b), as petitioner questions the Court's previous decision determining his § 2254 claims on the merits. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005) ("a motion that seeks to revisit the federal court's denial on the merits of a claim for relief should be treated as a successive habeas petition.") (emphasis in original).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits the circumstances under which a prisoner may file a second or successive motion for postconviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before the petitioner files

his application in this Court, a three judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3) (A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. The petitioner must obtain such an order before another petition for habeas relief under § 2254 is filed in this case.

Accordingly, petitioner's motion for reconsideration (Dkt. No. 9) is **DENIED.**

It is so **ORDERED.**

SIGNED on this 4th day of December, 2014.

_____
Kenneth M. Hoyt
United States District Judge